JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1  U.S. Government Plaintiff

❑ 3  Federal Question
*(U.S. Government Not a Party)*

❑ 2  U.S. Government Defendant

❑ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 710 Fair Labor Standards Act | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 190 Other Contract | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 720 Labor/Management Relations | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | | | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | | | ❑ 751 Family and Medical Leave Act | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| | | | ❑ 790 Other Labor Litigation | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 895 Freedom of Information Act |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** ❑ 540 Mandamus & Other | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 550 Civil Rights | ❑ 465 Other Immigration Actions | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❑ 1 Original Proceeding   ❑ 2 Removed from State Court   ❑ 3 Remanded from Appellate Court   ❑ 4 Reinstated or Reopened   ❑ 5 Transferred from Another District *(specify)*   ❑ 6 Multidistrict Litigation - Transfer   ❑ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.     DEMAND $ _____     CHECK YES only if demanded in complaint:
JURY DEMAND:   ❑ Yes   ❑ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE _____     SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **DANIELLE M. PRIETO,** | **:** | |
| | **:** | **CIVIL ACTION** |
| **Plaintiff,** | **:** | |
| | **:** | **NO.** |
| **v.** | **:** | |
| | **:** | |
| **LIFE INSURANCE COMPANY** | **:** | |
| **OF NORTH AMERICA,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### CIVIL ACTION COMPLAINT

Plaintiff, DANIELLE M. PRIETO, by and through her attorney, Linda M. Lopez, Esq. of the Law Offices of Eric A. Shore, P.C., as and for her Complaint against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, hereby avers as follows:

### PARTIES

1.     Plaintiff, DANIELLE M. PRIETO, (hereinafter "Plaintiff") was and still is a citizen and resident of the State of New Jersey, residing at 186 Hartshron Drive, Short Hills, New Jersey 07078.

2.     Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, (hereinafter "Defendant") has offices located at 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

### JURISDICTION

3.     Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §

1331 because this action arises under 29 U.S.C. § 1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.      Venue in the District of New Jersey is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the judicial district sufficient to subject it to personal jurisdiction.

5.      Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the District of New Jersey.

## FACTS

6.      At all times hereinafter mentioned, Plaintiff was employed as a Managing Director of Fixed Income Derivative Sales for BNP Paribas US Wholesale Holdings, Corp. ("BNP Paribas"), and at all times was a participant and/or beneficiary under the Long Term Disability ("LTD") plan.

7.      Plaintiff had a strong work history working for BNP Paribas prior to filing for LTD insurance benefits.

8.      The LTD plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(2)(A).

9.      At all times material herein, Defendant made and/or participated in making all benefits decisions under the LTD plan.

10.      During Plaintiff's employment with BNP Paribas, Defendant issued a long term group disability income policy (hereinafter the "Policy").

11.      At all times hereinafter mentioned, said Policy of insurance was issued for the benefit of certain eligible employees in exchange for the payment of premiums by BNP Paribas and/or its employees.

12.     At all times mentioned herein, Plaintiff was and is an employee eligible for long term disability benefits as an insured under the Policy.

13.     Said Policy provided, among other things, that long term disability insurance benefit payments will be made to Plaintiff in the event that she becomes disabled as a result of injury or sickness.

14.     Plaintiff stopped working on or about August 29, 2017.

15.     Plaintiff applied for and collected LTD insurance benefits through April 30, 2019.

16.     Defendant notified Plaintiff that her LTD benefits would be discontinued as of April 30, 2019, and that denial was affirmed by Defendant by letter dated June 28, 2019.

17.     On July 24, 2019, Plaintiff submitted a written appeal of that adverse determination.

18.     On November 20, 2019, Defendant issued a final administrative denial of Plaintiff's claim for continuing LTD benefits.

19.     As of April 30, 2019, Plaintiff's LTD coverage was in full force and effect and Plaintiff was an eligible employee.

20.     From April 30, 2019 to the present, Plaintiff has been disabled within the meaning and pursuant to the terms of her Policy coverage as she is unable to perform, on a sustained basis, either her own or any reasonable occupation, as that term is defined in the subject Policy.

21.     Plaintiff's disability is caused by complications and impairments of thoracic outlet syndrome, complex regional pain syndrome of right upper extremity, multi-level cervical spine fusion, cervical spinal stenosis, neural foraminal stenosis, cervical radiculopathy, cervical spondylolisthesis, degenerative disc disease, right elbow ulnar nerve transport, brachial plexus

3

neurolysis, right cubital tunnel syndrome, torn labrum, multiple rib resections, post-concussion syndrome, occipital neuralgia, recurring shingles, high blood pressure, insomnia, all of which cause symptoms of chronic pain, recurring headaches, loss of bladder control, cognitive difficulties, difficulty with focus and concentration, memory loss, and lack of retention.

22.     Plaintiff cooperated with the Defendant in all respects, provided proper proof of loss in support of her claim, and otherwise complied with the terms and conditions of the Policy regarding the filing and maintenance of the claim.

23.     Pursuant to the Policy, Defendant has been obligated to continue the periodic payment of monthly long term disability benefits to Plaintiff since April 30, 2019.

24.     Despite Plaintiff's continued total disability, Defendant has denied continuing LTD insurance benefit payments to Plaintiff beyond April 30, 2019 and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

25.     Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's terms and conditions.

26.     Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly opined that she has been unable to work since April 30, 2019, due to her disabling conditions and complications from her impairments and medical conditions.

27.     Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and, as such, constitutes a breach of fiduciary duty.

28.     Defendant's unreasonable and unsupported denial of Plaintiff's disability insurance benefits is evidenced by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical and mental conditions and limitations on her ability to perform all of the essential duties of her regular

4

occupation or any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to work; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational consideration on Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling.

29.     Defendant's claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

30.     Defendant's claim handling failed to provide Plaintiff with a full and fair review of her claim.

31.     Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and frustrated Plaintiff from receiving a full and fair review of her claim.

32.     Plaintiff has attempted to exhaust all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

33.     By reason of the foregoing claims conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of her claim pursuant to 29 C.F.R. § 2560.503(1).

34.     Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503(1), Defendant's adverse benefit determination is not entitled to any judicial deference.

35.     Defendant willfully failed to comply with ERISA regulations.

36.     Monthly disability insurance benefit payments to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

37.     Plaintiff is entitled to receive the total life-time benefit of the plan discounted to present value, due to Defendant's arbitrary and capricious decision to deny Plaintiff's benefits.

38.     Plaintiff is entitled to receive, in addition to the benefits due under the plan of insurance, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

**WHEREFORE,** Plaintiff, Danielle M. Prieto, demands judgment in her favor and against Defendant together for:

A.     Payment of all benefits in arrears due and owing since the denial of benefits, plus interest;

B.     The total lifetime benefit under the plan discounted to present value;

C.     Attorneys' fees and costs of suit;

D.     Interest and delay damages; and,

E.     Any other further relief this Court deems just proper and equitable.

By:     s/ Linda M. Lopez
        Linda M. Lopez, Esq.
        Attorney I.D. No. 017592006
        THE LAW OFFICES OF ERIC A. SHORE
        1500 JFK Blvd, Suite 1240
        Philadelphia, PA 19102
        (215) 627-9999
        *Attorney for Plaintiff, Danielle M. Prieto*

Date: March 25, 2020